UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:

CENTRAL KENTUCKY GRAIN, LLC

DEBTOR

CASE NO. 23-32460
CHAPTER 7

**MOTION TO QUASH OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER FOR SUBPOENAS TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

Come Boone Farms Trucking, Mark Boone and Lori Boone (collectively, the "Boone Parties), by counsel, and pursuant to Rules 26(c) and 45(c)(3)(A) of the Federal Rules of Civil Procedure and Rule 9018 of the Federal Rules of Bankruptcy Procedure, respectfully move the Court for entry of an order quashing the Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) (the "Subpoenas") issued to the Boone Parties by Creditor, Superior Ag Resources Cooperative, Inc. ("Superior Ag."), or, in the alternative, entry of a protective order significantly limiting the scope of the Subpoena. In support of this Motion, the Boone Parties state as follows:

**I. INTRODUCTION AND STATEMENT OF RELEVANT FACTS**

1.  Superior Ag is the holder of 51% of the membership interests in the Debtor and Mr. Boone is the holder of the remaining 49% of the membership interests in the Debtor.

2.  Prior to the Petition Date (defined below), the Debtor entered into a line of credit agreement with CoBank, N.A. under the terms of which the Debtor borrowed money from CoBank, N.A. which was secured by a pledge of the Debtor's assets. Superior Ag. asserts that, as

1

of the Petition Date, the Debtor owed CoBank, N.A. approximately $4,382,390.73 (the "CoBank Claim").  Superior Ag guaranteed repayment of the CoBank Claim in full, and the Boone Parties guaranteed repayment of 49% of the amount of the CoBank Claim, which is the same percentage as Mr. Boone's membership interests in the Debtor.

3. On October 18, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Western District of Kentucky (the "Bankruptcy Court"), thereby commencing this chapter 7 case (the "Chapter 7 Case").

4. On October 19, 2023, William Stephen Reisz was appointed as chapter 7 trustee for the Debtor's bankruptcy estate (the "Trustee"). [Docket No. 3].

5. On December 1, 2023, Superior Ag purchased the CoBank Claim, including the Boone Parties' partial guarantee.

6. On December 14, 2023, Superior Ag.filed its Motion for Leave Under Rule 2004 of the Federal Rules of Bankruptcy Procedure to Examine and to Request the Production of Documents from the Boone Parties [ECF No. 10] (the "2004 Motion").

7. In the 2004 Motion, Superior Ag. Vaguely asserts there is "good cause" for the issuance of the Subpoenas because, "information sought through examination relates, inter alia, to acts, conduct, and any transfers between the Boone Parties and the Debtor, *as well as the financial resources of the Boone Parties as guarantors of the CoBank Claim*" and "Superior Ag needs this information and documentation between the Boone Parties the Debtor so that it can intelligently and effectively advocate for its best interests, and despite its prior efforts, Superior Ag has not been able to obtain the information without a subpoena."  *See* 2004 Motion ¶13 (emphasis added).

8. The Court granted the 2004 Motion and in late December 2023 the Subpoenas were issued and served upon the Boone Parties.

9. The Subpoenas are identical and request a significant amount of personal financial information from each of the Boone Parties, including, but not limited to, four years of bank records, real property records, investment property, a list of personal property exceeding $25,000, all assets and liabilities, including a detailed list of all creditors, and three years of tax returns. *See* 2004 Motion, Exhibit A.

10. The Boone Parties recently retained counsel to represent them in connection with the Subpoenas and counsel promptly contacted Superior Ag's Counsel on January 9 requesting a two week extension to respond and that Superior Ag voluntary limit the document requests. The parties were not able to reach an agreement, and in light of the January 10, 2024 production deadline in the Subpoenas, the Boone Parties have filed this Motion.

## II. RELIEF REQUESTED

11. The Boone Parties respectfully request this Court enter an Order to Quash the Subpoenas, or, in the alternative, grant a protective order limiting the discovery requests.

## III. ARGUMENT

**A. The Subpoenas should be quashed because the requested documents do not relate to this Bankruptcy Case and are an impermissible use of Rule 2004.**

12. Rule 2004 of the Federal Rules of Bankruptcy Procedure allows the court to authorize the examination of any entity as to "the acts, conduct, or property, or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate or to the debtor's right to a discharge." Fed. R. Bankr.P. Rule 2004(b).

13. The decision whether to allow a Rule 2004 examination or not, and on what terms, rests solely with the discretion of the Bankruptcy Court. *In Re Enron Corp.*, 281 B.R. 836 (Bankr. S.D.N.Y. 2002). While Rule 2004 contemplates a broad scope, it is not unlimited. *In re Drexel Burnham Lambert Group, Inc.,* 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991).

14. A party seeking to conduct a Rule 2004 examination has the burden of showing good cause for same. *In re Hammond,* 140 B.R. 197, 201 (S.D. Ohio 1992).

15. "In assessing the propriety of a request for a 2004 examination, its purpose as an investigatory device arising out of the needs of the trustee should be kept in mind, and where a proposed examination goes beyond that purpose it should be carefully scrutinized." *In re J & R Trucking, Inc.*, 431 B.R. 818 (Bankr. N.D. Ind. 2010) at 822.

16. Here, the Subpoenas at issue request the production of significant personal and confidential financial information from non-debtor, third-parties that do not in any way relate to "acts, conduct or property, or to the liabilities and financial condition" of the Debtor. Similarly, the requested documents in no way affect the administration of the Debtor's estate or the Debtor's right to discharge. The requested documents are simply not within the scope of Rule 2004.

17. In the 2004 Motion, aside from parroting the language of the rule, Superior Ag. never states how the Boone Parties' list of creditors and assets relate to the Bankruptcy Case at all, let alone acts, conduct or property, or the liabilities and financial condition of the Debtor, the administration of the estate, or the Debtor's right to discharge. *Matter of Onatah Farms, LLC,* No. 21-10091, 2021 WL 2808813, at *1 (Bankr. N.D. Ind. Apr. 29, 2021)("parroting the language of the rule does little to assist the court. Demonstrating adequate cause for an examination requires more that simply paraphrasing the language of the rule.")

18. The requested documents do not relate to or affect this Bankruptcy Case, and Superior Ag. is using Rule 2004 for an impermissible purpose – prejudgment collection discovery of non-debtor parties. In the 2004 Motion, Superior Ag. openly admits its document requests seek to determine "the financial resources of the Boone Parties as guarantors of the CoBank Claim." *See* 2004 Motion ¶13. Superior Ag. never states how this request relates to the Bankruptcy Case, because it does not. Superior Ag. is nothing more than a creditor in this Bankruptcy Case and is improperly using Rule 2004 to evaluate an alternative source of repayment of the obligations owed to it by seeking collection discovery from a non-debtor guarantor.

19. Courts have rejected attempts to use Rule 2004 as a means to collect amounts due to creditors outside of the bankruptcy proceeding. In *J and R Trucking*, pension funds sought to use Rule 2004 to examine the debtor and a non-debtor entity for the purpose of obtaining information to determine if other non-debtor trades or businesses might be liable for the debtor's obligations to it. *In re J & R Trucking, Inc.*, 431 B.R. 818 (Bankr. N.D. Ind. 2010) at 819-820. In doing so, the pension funds argued,

> [I]f third parties are identified who may be liable to them for either debtor's obligations, collecting from those other entities would reduce their own claims against the estate, yielding more money for other creditors, as would the recovery of avoidable transfers. This, movants contend, makes the requested inquires relate to the conduct and financial condition of the debtors, and to matters which might affect the administration of their estates; thus, Rule 2004 permits the requested examinations.

*Id.* The court denied the Rule 2004 motions finding the movant's desire to identify third parties who may also be liable to them is neither the court's concern nor the purpose of Rule 2004. *Id*. at 822. The Court went on to say:

5

> No matter how artfully one tries to disguise the requested examinations, by dressing them up in the robes of bankruptcy administration, their real purpose is to identify another entity movants might be able to collect from, and whether those efforts would have any impact on the bankruptcy estate is of no real concern to them. Movants understandably want to their money, but that does not justify turning a tool that has been developed to efficiently administer bankruptcy estates into a private collection device for creditors. Movants have other tools and other fora which they can use to investigate their rights against third parties and to collect the amounts they are owed. They should use them and not Rule 2004.

*Id*. at 822-823.

20. Similarly, here, this Court should not allow Superior Ag. to use Rule 2004 as its own private collection device. The Subpoenas should be quashed it their entirety.

**B. In the event this Court declines to quash the Subpoenas in their entirety, the Boone Parties request the Court enter a protective order significantly limiting the Subpoenas.**

21. Alternatively, in the event the Court declines to quash the Subpoenas in their entirety, the Boone Parties requests the Court enter a protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure and Rule 9018 of the Federal Rules of Bankruptcy. A protective order may be granted in accordance with Rule 26(c) of the Federal Rules of Civil Procedure for "good cause." *In re Symington*, 209 B.R. 678, 689 (Bankr. D. Md. 1997).

22. As acknowledged by Superior Ag. in the 2004 Motion, information sought pursuant to Rule 2004 "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." *See* Motion, ¶10 (quoting Fed. R. Bankr. P. 2004(b)). It therefore stands to reason that an examination about matters having no relationship to a debtor's affairs or the administration of a debtor's estate is improper. *In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985).

23. The only document requests that arguably have even a tenuous relationship to the Debtor's affairs or the administration of the Debtor's estate are requests numbers 7, 8 and 13 related to transfers to insiders and offers for assets of the Debtor. Transfers by the Boone Parties to their insiders are irrelevant, except to the extent they may have involved the Debtor or an insider of the Debtor. Any request should be so limited. While the Boone Parties believe this information and duty to investigate lies with the Chapter 7 Trustee, the Boone Parties request Superior Ag.'s document request under the Subpoenas be limited to these three requests, as further limited.

For all the forgoing reasons, this Court should enter an Order quashing the Subpoenas in their entirety. Alternatively, the Court should significantly limit the requested documents.

Respectfully submitted,

DELCOTTO LAW GROUP PLLC

/s/ Heather M. Thacker, Esq.
Heather M. Thacker
Dean A. Langdon
200 North Upper Street
Lexington, KY 40507
Telephone: (859) 231-5800
Facsimile: (859) 281-1179
hthacker@dlgfirm.com
dlangdon@dlgfirm.com
*Counsel for the Boone Parties*

**CERTIFICATE OF SERVICE**

This document has been electronically filed and served via the Court's ECF System on January 10, 2024.

Heather M. Thacker, Esq.
*Counsel for the Boone Parties*